1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ALLEN,

                Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
STATE HOSPITALS, et al.,

                Defendants.

1:23-cv-00911-SKO

**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**

14-DAY OBJECTION DEADLINE

Clerk of the Court to Assign District Judge

Plaintiff David Allen is a civil detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On October 3, 2023, this Court issued its First Screening Order. (Doc. 6.) The Court found Plaintiff's complaint failed to state a claim upon which relief could be granted. (*Id*. at 8-10.) Plaintiff was granted leave to file an amended complaint curing the deficiencies identified in the Court's order. (*Id*. at 10.) Plaintiff was ordered to either file a first amended complaint or a notice of voluntary dismissal within 21 days of the date of service of the order. (*Id*. at 10-11.) Plaintiff has failed to file either a first amended complaint or a notice of voluntary dismissal and the time for doing so has now passed.

//

1

1   **II.    DISCUSSION**

2       **A.  Legal Standards**

3       The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

4   "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

5   the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

6   Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

7   that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

8   *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

9   party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

10  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

11  court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

12  1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

13  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

14      In determining whether to dismiss an action, the Court must consider several factors:

15  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at

18  1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19      **B.  Analysis**

20      Plaintiff has failed to file either a first amended complaint or notice of voluntary dismissal

21  as directed in the screening order. The Court cannot effectively manage its docket if Plaintiff

22  ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's

23  interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh

24  in favor of dismissal. *Carey*, 856 F.2d at 1440.

25      The third factor weighs in favor of dismissal since a presumption of injury arises from the

26  occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524

27  (9th Cir. 1976). Here, the Court's October 3, 2023, screening order provided Plaintiff with 21

28  days within which to file a first amended complaint or a notice of voluntary dismissal. Although

1   more than 21 days have passed, Plaintiff has failed to comply with the Court's order. His inaction

2   amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury.

3   Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal.

4   *Carey*, 856 F.2d at 1440.

5          The fourth factor usually weighs against dismissal because public policy favors

6   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

7   "this factor lends little support to a party whose responsibility it is to move a case toward

8   disposition on the merits but whose conduct impedes progress in that direction." *In re*

9   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

10  (citation omitted). By failing to file an amended complaint or notice of voluntary dismissal, or

11  otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its

12  progress. Thus, the fourth factor—the public policy favoring disposition of cases on their

13  merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

14         Finally, the Court's warning to a party that failure to obey the court's order will result in

15  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

16  Here, the Court's screening order warned: "**If Plaintiff fails to comply with this order, the**

17  **Court will recommend that this action be dismissed, without prejudice, for failure to obey a**

18  **court order and for failure to prosecute**." (Doc. 6 at 11.) In the Court's First Informational

19  Order in Prisoner/Civil Detainee Civil Rights Case, issued June 16, 2023, Plaintiff was also

20  advised as follows: "In litigating this action, the parties must comply with this Order, the Federal

21  Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District

22  Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so

23  comply will be grounds for imposition of sanctions which may include dismissal of the case.

24  Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) Thus, Plaintiff had adequate warning that

25  dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less

26  drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

27         In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed

28  to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is

inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2023**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE